NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER L. YESSAIAN,<br><br>  Plaintiff - Appellant,<br><br>  v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION, a Delaware corporation;<br>ADVANCED ACCELERATOR<br>APPLICATIONS USA INC,<br><br>  Defendants - Appellees. | No. 24-3418<br><br>D.C. No.<br>2:23-cv-00747-KK-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Argued and Submitted May 19, 2025
Pasadena, California

Before: WARDLAW and JOHNSTONE, Circuit Judges, and RASH, District Judge.[**]

Jennifer Yessaian appeals from the district court's grant of summary

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Scott H. Rash, United States District Judge for the District of Arizona, sitting by designation.

judgment to Novartis Pharmaceuticals Corporation on her claims for disability, gender, and age discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a), and her state common-law claim for wrongful termination in violation of public policy. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023), we affirm.

1. Assuming that Yessaian made a prima facie showing of disability, gender, and age discrimination, it is undisputed that Novartis presented a legitimate, nondiscriminatory reason for investigating and ultimately terminating Yessaian: her "numerous substantiated compliance violations from September 2020 to October 2021." Yessaian thus bore the burden of presenting "'specific' and 'substantial'" evidence that Novartis's proffered reason for the adverse employment actions was untrue or pretextual. *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998)). She failed to do so. Yessaian points to alleged inconsistencies and contradictions in Novartis's internal reporting as to the seriousness of her compliance infractions. But there is no meaningful conflict between Novartis's statement in pre-investigation intake forms that her infractions did not appear "significant," and its later conclusion after "extensive investigation" that her infractions were collectively "very serious." Nor is evidence

of Novartis's more favorable treatment of other employees probative of pretext because those comparators were not "similarly situated . . . in all material respects." *Moran v. Selig,* 447 F.3d 748, 755 (9th Cir. 2006). And "[t]emporal proximity alone is not sufficient to raise a triable issue as to pretext." *Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 665 (Ct. App. 2008).

2. Because Yessaian's common-law claim of wrongful termination is premised on Novartis's alleged violation of the "public policy embodied in FEHA," it fails for the same reasons as her FEHA claims. *See Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017).

**AFFIRMED.**